UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID BRIAN MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 23-2740 (UNA) |
| ) | |
| JOE BIDEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of David Brian Morgan's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1, "Pet.").[1] Generally, Morgan challenges his conviction and sentence, *see* Pet. at 2 (page numbers designated by CM/ECF), and among other relief, he demands that his conviction be vacated immediately, *see id.* at 5. The Court will grant the application and dismiss the petition.

A federal court may issue a writ of habeas corpus if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A habeas action is subject to jurisdictional and statutory limitations. *See generally Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), whom Morgan has not named as the respondent. And this "district court may

---

[1] Only Morgan signed the petition and submitted an application to proceed *in forma pauperis*. Although the names of dozens of prisoners appear in the petition, *see* Pet. at 12, the Court proceeds with Morgan is the sole petitioner.

1

not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and Morgan is in custody in Oklahoma.  If habeas relief is available to Morgan, he "should name his [custodian] as respondent and file the petition in the district of [his] confinement."  *Evans v. U.S. Marshals Serv.*, 177 F. Supp. 3d 177, 182 (D.D.C. 2016) (quoting *Padilla*, 542 U.S. at 447); *see Ardaneh v. United States Gov't*, 848 F. App'x 7, 8 (D.C. Cir. 2021) (affirming district court's remand in part to Massachusetts court and dismissal in part "to the extent appellant seeks release from confinement [because] the district . . . lacked jurisdiction over appellant's custodian").[2]

      An Order is issued separately.

DATE: September 26, 2023

_____
DABNEY L. FRIEDRICH
United States District Judge

---

[2] The Court notes that Morgan has challenged his State conviction – wholly without success – in the federal courts over the years.  *See, e.g., Morgan v. United States*, No. 22-cv-1060 (D.D.C. May 6, 2022) (remarking that Morgan "has run the habeas gamut in the Western District of Oklahoma"); *Morgan v. Oklahoma*, No. 19-cv-0482-R, 2019 WL 3210600, at *2 (W.D. Okla. May 29, 2019) (describing Morgan's challenges, "under many guises, in this Court"), *report and recommendation adopted*, No. 19-cv-0482-R, 2019 WL 3208650 (W.D. Okla. July 16, 2019); *Morgan v. Bear*, No. 17-cv-797-R, 2018 WL 2210449, at *1 (W.D. Okla. Apr. 13, 2018) (recounting Morgan's litigation history and noting that § 2254 claims in prior case had been dismissed "as unauthorized and second or successive"), *report and recommendation adopted*, No. 17-cv-797-R, 2018 WL 2209526 (W.D. Okla. May 14, 2018).